**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUANITA RODRIGUEZ, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) | Case No. 10 C 05876 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| CHASE HOME FINANCE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Juanita Rodriguez brought a complaint alleging that Defendant Chase Home Finance, LLC violated a federal law and an Illinois state law. In a previous order, R. 36, the Court dismissed Rodriguez's federal claim under the Homeowners Protection Act (HPA), 12 U.S.C. § 4901 *et seq.*, for failure to state a claim. The parties were asked whether this Court ought to retain supplemental jurisdiction over the state law claim, or whether there was some other basis for jurisdiction. Both Rodriguez and Chase asked that the Court retain jurisdiction over Rodriguez's Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS 505/1 *et seq.*, claim pursuant to 28 U.S.C. § 1367,[1] and decide Chase's motion to dismiss the claim. R. 37, 38. For the following reasons, the Court will exercise supplemental jurisdiction over the state law claim in this case, but grants Chase's motion to dismiss [R. 19] that claim.

---

[1] Rodriguez also alleges that the Court has subject matter jurisdiction over her state law claim based on diversity jurisdiction. *See* 28 U.S.C. § 1332.

## I.

The Court assumes familiarity with the facts described in the previous order dealing with the federal law claim. R. 36 at 2-3. On September 23, 2011, the Court issued an order asking the parties to file position papers addressing whether the Court should exercise its discretion under § 1367 and maintain jurisdiction over Rodriguez's state law claim. *Id.* at 9. The Court also inquired whether Rodriguez can allege the requisite amount in controversy, such that her ICFA claim falls within the Court's diversity jurisdiction. *Id.* at 9-10.

In their position papers, both parties asked this Court to exercise supplemental jurisdiction over the state law claim. "[T]he district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States." 28 U.S.C. § 1367(a). Here, supplemental jurisdiction does apply because the ICFA claim is factually related to the federal claim against Chase.[2]

---

[2]Whether the state law claim is within this Court's diversity jurisdiction is less clear. For diversity jurisdiction to exist, the parties are required to be citizens of different states and the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a). Here, the parties are citizens of different states – Rodriguez of Illinois; Chase of Delaware and Ohio. R. 1 ¶ 6. However, there is reason to doubt that the amount-in-controversy requirement has been met. With the federal claim dismissed, Rodriguez's recovery is limited to damages she personally suffered due to the alleged ICFA violation; the ICFA claim was not brought as a potential class action. Rodriguez claims Chase's conduct caused her make three trial period plan payments that she otherwise would not have made. These payments total $6,756.66 – a far cry from the $75,000 jurisdictional minimum. However, Rodriguez also seeks recovery for punitive damages, which are available under the ICFA. 815 ILCS 505/10a; *Keeling ex rel. v. Esurance Ins.*, – F.3d –, 2011 WL 4448578, at *2 (7th Cir. Sept. 26, 2011). To meet the amount-in-controversy requirement, Rodriguez's punitive award would have to be about ten times more than her actual damages, which is likely right-up against the constitutional limit. Also, as discussed *infra*, it is unclear from the complaint whether Rodriguez suffered other damages that could potentially be included in the amount-in-controversy calculation. In any event,

The only question is whether or not to retain supplemental jurisdiction after the dismissal of the federal law claim.

In cases where the district court has dismissed all claims over which it has original jurisdiction – as is the case here – the court's decision whether to exercise supplemental jurisdiction over the remaining state law claim is "purely discretionary." *Carlsbad Tech. v. HIF Bio*, 129 S. Ct. 1862, 1866-67 (2009) (citing 28 U.S.C. § 1367(c)). Because this action was filed in federal court over a year ago, and there is only one state law claim at issue, and neither party disputes jurisdiction, the Court elects to assert supplemental jurisdiction over the ICFA claim. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1997) (district court should consider and weigh the factors of judicial economy, convenience, fairness, and comity in deciding whether to exercise jurisdiction over pendent state law claims).

## II.

The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) "is a regulatory and remedial statute intended to protect consumers . . . against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002). The Supreme Court of Illinois has held that recovery under the ICFA "may be had for unfair as well as deceptive conduct." *Id.*; *see also Rockford Mem'l Hosp. v. Havrilesko*, 858 N.E.2d 56, 62 (Ill. App. Ct. 2006) (under the ICFA, a practice can be unfair without being

---

supplemental jurisdiction is secure, so for these reasons, the Court's jurisdiction is premised on § 1367, and not § 1332.

deceptive). In this case, Rodriguez claims that Chase's failure to disclose that Rodriguez's private mortgage insurance was not included in her loan modification trial payment plan violated the ICFA because it was both deceptive and unfair. R. 1 (Compl.) ¶¶ 45-53. Thus, in deciding Chase's motion to dismiss, the Court must make two separate inquiries: (1) whether Rodriguez sufficiently stated a "deceptive practice" claim, which must be pled with particularity under Federal Rule of Civil Procedure 9(b); and (2) whether Rodriguez sufficiently stated an "unfair conduct" claim, which must meet the less-stringent notice pleading standard of Rule 8(a). *Windy City Metal Fabricators & Supply v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668-70 (7th Cir. 2008).

## A. Deceptive Practice

Rodriguez alleges that Chase unlawfully and intentionally misrepresented that Rodriguez's monthly trial payment plan (TPP) included "insurance premiums" when, in fact, the private mortgage insurance (PMI) premium was *not* factored into her TPP. Compl. ¶¶ 45-46. Rodriguez claims that Chase knew the PMI was not included in the TPP, but nonetheless falsely represented the TPP as an "estimate" of the payment Rodriguez would be required to pay in the event her loan was permanently modified. *Id.* ¶¶ 47-48. Rodriguez claims that Chase intentionally made these misrepresentations in order to induce her sign the TPP and make payments pursuant to the Plan. *Id.* ¶ 49.

To state a cause of action under the ICFA, the plaintiff must allege: "(1) a deceptive act or unfair practice occurred; (2) the defendant intended for plaintiff to rely

on the deception; (3) the deception occurred in the course of conduct involving trade or commerce; (4) the plaintiff sustained actual damages; and (5) such damages were proximately caused by the defendant's deception." *Dubey v. Public Storage, Inc.*, 918 N.E.2d 265, 277 (Ill. App. Ct. 2009). When the allegedly deceptive conduct "sounds in fraud," the heightened pleading standard of Rule 9(b) applies. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446-47 (7th Cir. 2011) (citing *Borsellino v. Goldman Sachs Grp.*, 477 F.3d 502, 507 (7th Cir. 2007)) ("A claim that 'sounds in fraud' – in other words, one that is premised upon a course of fraudulent conduct – can implicate Rule 9(b)'s heightened pleading requirements."). Here, the complaint alleges that Chase intentionally concealed from Rodriguez, or misrepresented to her, a truthful estimate of the monthly mortgage payment she would be expected to make upon completing the TPP and obtaining a loan modification. This "is fraud predicated on either a misrepresentation or an omission." *Pirelli*, 631 F.3d at 447 (citing *United States v. Stephens*, 421 F.3d 503, 507 (7th Cir. 2005)) (fraud embraces half-truths "that the defendant knows to be misleading and which the defendant expects another to act upon to his detriment and the defendant's benefit"). Rule 9(b) applies to Rodriguez's deceptive practices claim.

Chase argues that Rodriguez fails to plead all of the elements of her "deceptive practices" claim with sufficient particularity. Specifically, Chase contends that Rodriguez's allegations regarding the damages she suffered fall short of stating a claim under the ICFA. The Court agrees.

When actual damage is an element of a claim, as it is here, a plaintiff must allege that she has suffered harm "in a concrete, ascertainable way." *Price v. Philip Morris, Inc.*, 848 N.E.2d 1, 55 (Ill. 2005) (Karmeier, J. concurring). "Theoretical harm is insufficient. Damages may not be predicated on mere speculation, hypothesis, conjecture or whim." *Id.* Here, Rodriguez first alleges that if she had known that her final modification payments were going to be higher than her trial payments, she would not have agreed to the TPP. Compl. ¶ 50. However, she fails to identify how she was actually harmed by making the trial payments instead of her original mortgage payments – which were *greater* than her trial payments. The purpose of obtaining a loan modification is to lower the borrower's monthly payments and make the payment "more affordable." See R. 20-1, Def.'s Exh. 1 (Trial Period Plan Notice) at 1, 3. Rodriguez fails to allege how she was damaged by a *lower* monthly payment. Instead, she states that "[h]ad [she] known that her modified monthly payments would have been $315.31 (12.28%) higher than the 'estimated' TPP payment . . . [she] would have sought any number of other remedies available to her in order to save her home or to otherwise mitigate her losses." Compl. ¶ 50. These allegations do not satisfy Rule 9(b). Even viewed in the light most favorable to Rodriguez, the facts in the complaint only allow the inference that her decision to pursue the modification prevented her from seeking some other unspecified relief. Without knowing what that alleged relief would have been, the complaint does not put Chase or the Court on notice as to how Rodriguez was actually damaged. And although Rodriguez states that she would not have made the TPP payments, she does not plead any facts showing how this harmed

6

her "in a concrete ascertainable way," *Frye v. L'Oreal USA*, 583 F. Supp. 2d 954, 957 (N.D. Ill. 2008), when the alternative to the trial payments was liability for the greater original mortgage payments. Thus, Rodriguez's damages allegations are insufficient to state a claim under Rule 8(a), let alone the heightened standard mandated for averments of fraud under Rule 9(b).

### B. Unfair Conduct

To repeat what was stated above, to state a cause of action under the ICFA, a plaintiff must plead five elements: "(1) a deceptive act or unfair practice occurred; (2) the defendant intended for plaintiff to rely on the deception; (3) the deception occurred in the course of conduct involving trade or commerce; (4) the plaintiff sustained actual damages; and (5) such damages were proximately caused by the defendant's deception." *Dubey*, 918 N.E.2d at 277. In determining whether a practice is unfair, Illinois courts consider "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers. *Robinson*, 775 N.E.2d at 960-61. A practice is unfair if it meets one of these criteria to a substantial extent, or if it meets all three to a lesser degree." *Id.* at 961.

Rodriguez alleges that Chase's conduct "was immoral, unethical, oppressive, and/or unscrupulous because it put [her] in a position to choose between agreeing to permanently modify her mortgage and pay a monthly payment $315.31 higher than the 'estimated' TPP payment, or risk losing her home by not signing the [Loan Modification] Agreement." Compl. ¶ 51. Rodriguez claims that Chase's conduct caused

her "substantial injury" by delaying the "resolution of [her] dilemma," which, in turn, damaged her credit. *Id.* ¶ 52. And, as with her deceptive practices claim, Rodriguez alleges that Chase's failure to disclose that the PMI was not included in the TPP payments caused her to sustain actual damages because she "forewent other remedies that *might have been pursued* to save her home, such as restructuring her debt under the bankruptcy code or pursing other strategies to deal with her default, such as selling her home." *Id.* ¶ 52 (emphasis added). Now, Rodriguez is "threatened with the additional harm of a foreclosure action." *Id.* ¶ 53.

Rule 9(b) does not apply to an ICFA claim based on "unfair practices that fall short of deception;" rather, the pleading standards of Rule 8 govern. *Pirelli*, 631 F.3d at 446 (citing *Windy City*, 536 F.3d at 670). Therefore, Rodriguez's complaint need only provide "a short and plain statement of [her unfair practices] claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require detailed factual allegations, the complaint must do more than offer legal conclusions or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, the complaint must contain "sufficient factual matter" that provides "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Chase first argues that Rodriguez fails to plead sufficient facts to demonstrate that Chase's conduct constitutes an "unfair practice" under the ICFA. Def.'s Br. at 13-

14. For instance, Chase contends that the first part of Rodriguez's unfair conduct allegation (contained in ¶ 51) simply recites one of the criteria for "unfairness" under Illinois law. Indeed, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949-50. However, Rodriguez further alleges that Chase's conduct was oppressive because, after entering into (and completing) the trial period plan, Rodriguez had to choose between permanently modifying her mortgage "or risk losing her home." Compl. ¶ 51. Assuming that this allegation is true, the Court finds that it alone is not enough to state a claim for unfair conduct under Illinois law.

First, Rodriguez does not allege that Chase violated public policy when it failed to disclose that PMI premiums are not included in TPP payments.[3] Therefore, the remaining two factors of the three-factor test must be present to an even greater extent. *See Robinson*, 775 N.E.2d at 961. With respect to the second factor (whether the alleged unfair practice is immoral, unethical, or oppressive), Rodriguez claims that Chase's conduct put her in a position where she had to make a choice between signing the Loan Modification Agreement or risk losing her home. But she fails to plead any facts showing that this choice was oppressive. In general, a trade practice satisfies the second prong of the test of unfairness under the ICFA when it "leave[s] the consumer with little alternative except to submit to it." *Galvan v. Northwestern Mem'l Hosp.*, 888 N.E.2d 529, 536 (Ill. App. Ct. 2008) (quoting *Robinson*, 775 N.E.2d at 961); *see also*

---

[3]And the Court rejected Rodriguez's argument that the Homeowners Protection Act (HPA) requires Chase to provide new PMI disclosures upon modifying a loan. *See* R. 36.

9

*Pantoja-Cahue v. Ford Motor Credit Co.*, 872 N.E.2d 1039, 1048 (Ill. 2007) (to satisfy the ICFA test of unfairness, a challenged trade practice "must violate public policy, be so oppressive as to leave the consumer with little alternative except to submit to it, and injure the customer"). However, here, Rodriguez does not allege facts demonstrating her lack of alternatives. Rodriguez alleges that she was seeking to modify an existing mortgage loan in order to lower her monthly payments. Compl. ¶¶ 9-12. Thus, assuming the truth of the allegations in the complaint, Rodriguez's original mortgage was still in place, as she does not allege that her decision to participate in the TPP wiped out her existing mortgage; it was the original (unchallenged) mortgage, not the TPP, that put Rodriguez in the financial bind of trying to lower her payments. Nor are there any allegations about how Rodriguez's decision to not sign the Modification Agreement resulted in immediate foreclosure and/or Chase withdrawing her existing loan. Thus, Rodriguez fails to allege how Chase's conduct deprived her of any "meaningful choice." *See Robinson*, 775 N.E.2d at 962 (holding that penalties assessed by vehicle lessors were not unfair so as to violate the ICFA where the penalties were clearly disclosed in the lease papers and the lessees did not claim that they were coerced into signing the leases because of dire alternatives threatened by the lessors or that they lacked reasonable alternatives in the marketplace to acquire automobiles).

Second, Rodriguez fails to allege facts showing that she suffered "substantial injury." To satisfy the third prong of the test of unfairness, an injury generally must "(1) be substantial; (2) not be weighed by any countervailing benefits to consumers or competition that the practice produces; and (3) be an injury that consumers themselves

10

could not reasonably have avoided." *Siegel v. Shell Oil Co.*, 312 F.3d 932, 935 (7th Cir.

2010) (citing *Cheshire Mortgage Serv. v. Montes*, 612 A.2d 1130, 1143 (Conn. 1992)).[4]

This requirement – which is part of the first element needed to prove unfair conduct

under the ICFA – overlaps with the Act's fourth element: to state a claim under the

ICFA, the plaintiff must have sustained actual damages. *Dubey*, 918 N.E.2d at 277.

Rodriguez's unfair conduct claim suffers from the same shortcomings as already

discussed with respect to her deceptive practices claim. *See supra* at 6. Although

Rodriguez alleges that she "suffered substantial injury" because Chase's conduct

"caused a delay in a resolution of [her] dilemma, which damaged [her] credit . . . and

[she] forewent other remedies that might have been pursued to save her home," Compl.

¶ 52, this alleged injury is speculative and does not survive Chase's motion to dismiss.

*See Twombly*, 550 U.S. at 570 (a plaintiff's allegations "must be enough to raise a right

to relief above a speculative level"). As such, Rodriguez has failed to state a claim for

unfair conduct under the ICFA.

### III.

For the reasons discussed above, Rodriguez fails to state a claim for deceptive

or unfair practices under the ICFA.  As such, Chase's motion to dismiss [R. 19] the

ICFA claim (Count 2) is granted. The Court also notes that the parties had previously

---

[4]The Illinois Supreme Court adopted the Connecticut Supreme Court's holding that all three of the Federal Trade Commission Section 5(a) factors do not need to be satisfied to support a finding of unfairness under a state's unfair practices statute. *Robinson*, 775 N.E.2d at 961 (citing *Cheshire Mortgage Serv. v. Montes*, 612 A.2d 1130, 1143 (Conn. 1992)). In *Robinson*, the Illinois Supreme Court did not discuss *Montes'* analysis regarding what constitutes "substantial injury" under the ICFA, however, the Seventh Circuit found the *Montes* analysis instructive. *Siegel*, 312 F.3d at 936.

agreed that Plaintiff's motion for class certification should be stayed until resolution of the motion to dismiss, *see* R. 28 at 3. For that reason, no briefing schedule was ever set on the class-certification motion when it was filed before by the previously-assigned judge, and when the Court granted the motion to dismiss the federal claim (the only claim for which class action status was sought), the Court also denied the class-certification motion as moot, *see* R. 35.


ENTERED:

_____
Honorable Edmond E. Chang
United States District Judge

DATE: October 25, 2011